No. 26-1142

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**

---

REHAB MOHAMED,

Plaintiff-Appellee,

v.

SOCIETY FOR HUMAN RESOURCE MANAGEMENT,

Defendant-Appellant.

---

On Appeal from the United States District Court for the District of Colorado
District Court Case No. 1:22-cv-01625-GPG-KAS
Judge Gordon P. Gallagher

---

# DEFENDANT-APPELLANT'S OPPOSITION TO THE MOTION FOR LEAVE TO FILE BRIEF OF THE COLORADO PLAINTIFF'S EMPLOYMENT LAWYERS ASSOCIATION AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFF-APPELLEE

---

Defendant-Appellant, Society for Human Resource Management ("Appellant" or "SHRM"), through its undersigned counsel, respectfully submits this Opposition to the Motion (the "Motion") for Leave to File Brief of Colorado Plaintiff Employment Lawyers Association *Amicus Curiae* (collectively, the "PELA Amici") In Support of Plaintiff-Appellee.

## THE PELA AMICI'S MOTION SHOULD BE DENIED

PELA seeks to file an *amicus* brief to buttress two fundamental arguments that are already being made by Plaintiff-Appellee Rehab Mohamed ("Plaintiff" or "Appellee"): (1) this Court should reduce the requirements for proving discrimination under 42 U.S.C. § 1981 ("§ 1981"); and (2) punitive damages awards should be upheld regardless of the constitutional implications of those awards. But while PELA seeks to support Plaintiff's position on those two issues, PELA's proposed Brief adds nothing of significance to these issues that Plaintiff has not already argued. Thus, the PELA Amici have failed to show their Brief would be "desirable" to the Court under Federal Rule of Appellate Procedure 29 because the arguments made in PELA's proposed brief are entirely duplicative of those in Plaintiff-Appellee's own Brief.

Nor does the PELA Brief serve the traditional function of an amicus brief.

> [T]he criterion for deciding whether to permit the filing of an amicus brief should be the same: whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs. The criterion is more likely to be satisfied in a case in which a party is inadequately represented; or in which the would-be amicus has a direct interest in another case that may be materially affected by a decision in this case; or in which the amicus has a unique perspective or specific information that can assist the court beyond what the parties can provide.

*Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003).

Likewise, PELA's brief risks allowing for "an end run around court-imposed

limitations on the length of parties' briefs," rather than raising issues that support, rather than duplicate, briefing already made by a party. *Id.* at 544; *see also Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) ("The vast majority of *amicus curiae* briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse.").

Here, PELA has identified no direct interest that may be materially affected by a decision here; instead, PELA very generically states that as lawyers who typically represent employees, they have an interest in a favorable Opinion. But permitting an *amicus* brief under that generic circumstance would necessitate allowing any lawyer in the Plaintiff's bar to file a brief as well. *See Voices for Choices*, 339 F.3d at 545 (denying motion for leave to file amicus brief); *Dine Citizens Against Ruining Our Env't v. Bernhardt*, 923 F.3d 831, 859 (10th Cir. 2019) (denying motion for leave to file an amicus brief); *Witte v. Sloan*, 250 F. App'x 250, 256 (10th Cir. 2007) (same); *Kennett v. Bayada Home Health Care, Inc.*, 845 F. App'x 754, 764 (10th Cir. 2021) (same).

Consistent with PELA's lack of a specific interest in the outcome of the case, and consistent with PELA's lack of a unique perspective, the PELA Brief relies on the same key cases that have already been raised in Appellee's Response Brief—*Bostock v. Clayton County*, 590 U.S. 644 (2020); *Comcast Corp. v. National Ass'n*

*of African American-Owned Media*, 589 U.S. 327 (2020); *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009); and *Jones v. Oklahoma City Public Schools*, 617 F.3d 1273 (10th Cir. 2010). The proposed brief then goes on to make the same arguments about "but-for causation" in § 1981 and Title VII of the Civil Rights Act of 1964 as Appellee made without adding anything beyond what is already before the Court. *See* Doc. 30-1 at 3-12. The same is true for the PELA Amici's argument related to how the Court should determine whether a violation of due process occurred in connection with the punitive damages award. *Id.* at 12-19.

Thus, the PELA Amici "merely extend[s] the length of the litigant's brief. Such *amicus* briefs should not be allowed." *Ryan*, 125 F.3d at 1063.

**CONCLUSION**

The PELA Amici's Motion should be denied. PELA lacks a perspective that differs from Plaintiff's, and PELA makes the same arguments as Plaintiff relying on the same cases Plaintiff discussed.

Respectfully submitted this 13th day of October 2026.

*/s/ Kelsey A. VanOverloop*

Tanja Darrow
tdarrow@littler.com
Virginia Woodfork
vwoodfork@littler.com
Kelsey A. VanOverloop
kvanoverloop@littler.com
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, Colorado 80202
Telephone: 303.629.6200
Facsimile: 303.629.0200

*Attorneys for Defendant-Appellant*

## CERTIFICATE OF DIGITAL SUBMISSION

Undersigned counsel certifies that: 1) all required privacy redactions have been made; 2) the ECF submission is an exact copy of any hard copies that were filed (if any); and 3) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, Microsoft Defender Antivirus Version 1.459.684.0, last updated October 12, 2026, and according to the program is free of viruses.

Dated: October 13, 2026.

*/s/ Kelsey A. VanOverloop*
Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October, 2026, I electronically filed the foregoing **DEFENDANT-APPELLANT'S OPPOSITION TO THE MOTION FOR LEAVE TO FILE BRIEF OF THE COLORADO PLAINTIFF'S EMPLOYMENT LAWYERS ASSOCIATION AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFF-APPELLEE** using the court's CM/ECF system, which will send notification of such filing to the following:

Ariel Beryl DeFazio
Lowrey Parady Lebsack LLC
1490 Lafayette Street, Suite 304
Denver, CO 80218
Tel: 303-593-2595
ariel@lowrey-parady.com

Hunter Anthony Swain
Swain Law LLC
1490 North Lafayette Street, Suite 303
Denver, CO 80218
Tel: 720-815-5281
hunter@swainemploymentlaw.com
*Attorneys for Plaintiff-Appellee*

Steven Winkelman
Equal Employment Opportunity
Commission
Office of General Counsel
131 M. St. N.E., 5th Floor
Washington, D.C. 20507
Tel.: (202)921-2564
Steven.winkelman@eeoc.gov
*Attorneys for the EEOC*

Darold W. Killmer
Liana G. Orshan
Reid R. Allison
Killmer Lane, LLP
1543 Champa St., Suite 400
Denver, CO 80202
Tel.: (303) 571-1000
dkillmer@killmerlane.com
lorshan@killmerlane.com
rallison@killmerlane.com
*Attorneys for Amicus Curiae Colorado PELA*

*/s/ Kelsey A. VanOverloop*
Attorney