No. 26-1142

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

Rehab Mohamed,
Plaintiff-Appellee,

v.

Society for Human Resource Management,
Defendant-Appellant.

On Appeal from the United States District Court
for the District of Colorado
Hon. Gordon P. Gallagher, No. 1:22-cv-01625

**BRIEF OF THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AS AMICUS CURIAE IN SUPPORT OF NEITHER PARTY**

CHRISTOPHER LAGE
Deputy General Counsel

JENNIFER S. GOLDSTEIN
Associate General Counsel

DARA S. SMITH
Assistant General Counsel

STEVEN WINKELMAN
Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of General Counsel
131 M St. N.E., 5th Floor
Washington, D.C. 20507
(202) 921-2564
steven.winkelman@eeoc.gov

**TABLE OF CONTENTS**

Table of Authorities ........................................................................................ ii

Statement of Interest ........................................................................................1

Statement of the Issue........................................................................................2

Statement of the Case ........................................................................................2

Argument ..............................................................................................................4

I. The traditional standard of but-for causation does not require an employment discrimination plaintiff to show that a protected basis was the sole or primary cause of an adverse action. ...................4

A. Under the traditional standard of but-for causation, an event may have multiple but-for causes. ....................................................5

B. A claim premised on multiple but-for causes is distinct from a claim premised on "mixed motives." ................................................7

C. Neither the Supreme Court's nor this Court's decisions on but-for causation support a sole or primary cause standard. .......11

1. *Bostock* applied a but-for causation standard. ............................11

2. *Gross* did not adopt a sole-cause standard.................................14

3. A factor that "made a difference" is just a but-for cause..........16

4. A but-for cause need not be a "primary" cause. ........................18

Conclusion...........................................................................................................20

Certificate of Compliance ...............................................................................22

Certificate of Digital Submission ....................................................................23

## TABLE OF AUTHORITIES

### Cases


*Akridge v. Alfa Ins. Cos.*,
93 F.4th 1181 (11th Cir. 2024) .................... 6, 8, 17

*Arevalo-Carrasco v. Middleby Corp., Inc.*,
851 F. App'x 628 (7th Cir. 2021) .................... 11

*Banks v. Gen. Motors, LLC*,
81 F.4th 242 (2d Cir. 2023) .................... 6

*Barnes v. Quest Diagnostics Clinical Lab'ys, Inc.*,
No. 1:22-cv-00736, 2024 WL 1307217 (M.D.N.C. Mar. 27, 2024) .................... 13

*Bostock v. Clayton Cnty.*,
590 U.S. 644 (2020) .................... 4, 5, 6, 7, 8, 10, 12, 13, 18, 19

*Bowie v. Automax Used Cars, LLC*,
No. 21-cv-00393, 2021 WL 5065852 (W.D. Okla. Nov. 1, 2021) .................... 10

*Burrage v. United States*,
571 U.S. 204 (2014) .................... 6, 13, 15

*Cline v. Clinical Perfusion Sys., Inc.*,
92 F.4th 926 (10th Cir. 2024) .................... 16

*Coleman v. Children's Hosp. of Phila.*,
No. 23-3064, 2024 WL 4490602 (3d Cir. Oct. 15, 2024) .................... 4

*Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*,
589 U.S. 327 (2020) .................... 4, 9, 16

*Cooper v. Asplundh Tree Expert Co.*,
836 F.2d 1544 (10th Cir. 1988) .................... 17, 18

*DePaula v. Easter Seals El Mirador*,
859 F.3d 957 (10th Cir. 2017) .................... 19

*Desert Palace, Inc. v. Costa*,
539 U.S. 90 (2003) ........................................ 7-8

*Duvall v. Novant Health, Inc.*,
95 F.4th 778 (4th Cir. 2024) ........................................ 7, 8

*EEOC v. Prudential Fed. Sav. & Loan Ass'n*,
763 F.2d 1166 (10th Cir. 1985) ........................................ 17

*EEOC v. Sperry Corp.*,
852 F.2d 503 (10th Cir. 1988) ........................................ 17

*Frappied v. Affinity Gaming Black Hawk, LLC*,
966 F.3d 1038 (10th Cir. 2020) ........................................ 8, 12, 19

*Golomb v. Prudential Ins. Co. of Am.*,
688 F.2d 547 (7th Cir. 1982) ........................................ 15

*Gross v. FBL Fin. Servs., Inc.*,
557 U.S. 167 (2009) ........................................ 4, 10, 14, 15, 16

*Harley v. Potter*,
416 F. App'x 748 (10th Cir. 2011) ........................................ 15

*Ismael v. Roundtree*,
161 F.4th 752 (11th Cir. 2025) ........................................ 10, 12

*Jones v. Okla. City Pub. Schs.*,
617 F.3d 1273 (10th Cir. 2010) ........................................ 7, 11, 14, 17

*Joppy v. HCA-HealthOne LLC*,
No. 1:22-cv-00986, 2026 WL 2364070 (D. Colo. Aug. 14, 2026) .................. 12

*Leal v. McHugh*,
731 F.3d 405 (5th Cir. 2013) ........................................ 11

*LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*,
503 F.3d 217 (3d Cir. 2007) ........................................ 17

*Lewis v. Univ. of Pitt.*,
725 F.2d 910 (3d Cir. 1983) ....................................................................18

*Lincoln v. BNSF Ry. Co.*,
900 F.3d 1166 (10th Cir. 2018) ..............................................................19

*Loughman v. Consol-Pa. Coal Co.*,
6 F.3d 88 (3d Cir. 1993) ........................................................................13

*Malin v. Hospira, Inc.*,
762 F.3d 552 (7th Cir. 2014) ..................................................................14

*Mann v. XPO Logistics Freight, Inc.*,
819 F. App'x 585 (10th Cir. 2020) ...........................................................9

*Mauldin v. Driscoll*,
136 F.4th 984 (10th Cir. 2025)................................................................20

*Mayorga v. Merdon*,
928 F.3d 84 (D.C. Cir. 2019).....................................................................8

*McDonald v. City of Wichita*,
735 F. App'x 529 (10th Cir. 2018) ..................................................... 5, 15

*McDonald v. Santa Fe Trail Transp. Co.*,
427 U.S. 273 (1976)............................................................................ 7, 13

*Nevins v. DCH Health Sys.*,
No. 25-12124, 2026 WL 1103517 (11th Cir. Apr. 23, 2026) ............................9

*Perrell v. Financeamerica Corp.*,
726 F.2d 654 (10th Cir. 1984) ................................................................17

*Richardson v. Nw. Mem'l HealthCare*,
183 F.4th 895 (7th Cir. 2026) ..................................................................11

*Sellman v. Aviation Training Consulting, LLC*,
155 F.4th 1215 (10th Cir. 2025)......................................................... 4, 17

*Simmons v. Sykes Enters., Inc.*,
647 F.3d 943 (10th Cir. 2011) .......................................................................16

*Subotic v. Jabil, Inc.*,
No. 22-13880, 2024 WL 797140 (11th Cir. Feb. 27, 2024) ................................8

*Tabor v. Hilti, Inc.*,
703 F.3d 1206 (10th Cir. 2013) .....................................................................19

*Tudor v. Se. Okla. State Univ.*,
13 F.4th 1019 (10th Cir. 2021) ......................................................................20

*United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*,
79 F.4th 1262 (10th Cir. 2023) ....................................................... 5, 7, 9, 11, 14

*United States v. Feldman*,
936 F.3d 1288 (11th Cir. 2019) .....................................................................14

*United States v. Porter*,
928 F.3d 947 (10th Cir. 2019) .........................................................................5

*United States v. Ruiz-Hernandez*,
890 F.3d 202 (5th Cir. 2018) .........................................................................14

*Univ. of Tex. Sw. Med. Ctr. v. Nassar*,
570 U.S. 338 (2013) ....................................................................................4, 8

*Wilcox v. Homestake Mining Co.*,
619 F.3d 1165 (10th Cir. 2010) .....................................................................13

*Yelling v. St. Vincent's Health Sys.*,
82 F.4th 1329 (11th Cir. 2023) ............................................................. 7, 8, 9, 13

*Zann Kwan v. Andalex Grp. LLC*,
737 F.3d 834 (2d Cir. 2013) ..........................................................................13

*Ziparo v. CSX Transp., Inc.*,
160 F.4th 314 (2d Cir. 2025) .........................................................................19

**Statutes**

42 U.S.C. § 1981 ........................................ 1, 16

**Rules**

Fed. R. App. P. 29 ........................................ 1

## STATEMENT OF INTEREST

The Equal Employment Opportunity Commission (EEOC) administers and enforces various federal statutes that prohibit employment discrimination and retaliation, including Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act of 1967 (ADEA), and the Americans with Disabilities Act of 1990 (ADA).

This case presents important questions concerning the traditional but-for causation standard that applies to race discrimination claims under 42 U.S.C. § 1981. Because the same but-for causation standard applies to employment discrimination and retaliation claims under statutes that the EEOC enforces, the agency has a substantial interest in the proper resolution of these questions. The EEOC files this brief under Federal Rule of Appellate Procedure 29(a)(2).

## STATEMENT OF THE ISSUE[1]

Whether the traditional standard of but-for causation requires an employment discrimination plaintiff to show that a protected basis was the sole or primary cause of an adverse action.

## STATEMENT OF THE CASE

Rehab Mohamed brought this employment discrimination and retaliation action against her former employer, the Society for Human Resource Management (SHRM). App. Vol. 1 at 022-050. The case proceeded to trial on Mohamed's claims for race discrimination and retaliation under § 1981. App. Vol. 1 at 196-97, 199.

At trial, the district court instructed the jury that Mohamed had to prove two elements to establish race discrimination: (1) "SHRM terminated [her]," and (2) "SHRM would not have terminated [her] but for her race." App. Vol. 1 at 198. As to the second element, the court further instructed that "race must be a 'but-for' cause of Ms. Mohamed's termination." App. Vol. 1 at 198. Under that standard, the instruction explained, "SHRM may

[1] The EEOC takes no position on any other issue presented in this appeal, including whether the district court's instruction was proper or on the ultimate disposition of the appeal.

be held liable for race discrimination if other factors contributed to its decision to terminate Ms. Mohamed, as long as Ms. Mohamed can show that her race was the factor that made a difference." App. Vol. 1 at 198. Thus, the instruction stated, "Ms. Mohamed's race does not need to be the sole or primary cause of [SHRM]'s decision to terminate her." App. Vol. 1 at 198.

At the trial's conclusion, the jury returned a verdict for Mohamed. App. Vol. 1 at 215-16. SHRM thereafter filed a renewed motion for judgment as a matter of law, App. Vol. 1 at 218-35, and a motion for a new trial, App. Vol. 1 at 236-53. The district court denied both motions. App. Vol. 2 at 264, 278. SHRM appealed. App. Vol. 2 at 279-80.

On appeal, the parties agree that a but-for causation standard governs, but they contest whether that standard requires the plaintiff's protected basis to be the sole or primary cause of the employer's adverse action.

## ARGUMENT

### I. The traditional standard of but-for causation does not require an employment discrimination plaintiff to show that a protected basis was the sole or primary cause of an adverse action.

It is well settled, as Appellant correctly acknowledges, that the traditional standard of but-for causation governs race discrimination claims under § 1981. *See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 332-33, 341 (2020). The same but-for causation standard applies to employment discrimination and retaliation claims under various other federal statutes, including Title VII, the ADEA, and (at least in this Circuit[2]) the ADA. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 175-78 (2009) (age discrimination under ADEA); *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013) (retaliation under Title VII); *Bostock v. Clayton Cnty.*, 590 U.S. 644, 656-57 (2020) (discrimination under Title VII); *Sellman v. Aviation Training Consulting, LLC*, 155 F.4th 1215, 1222-23 (10th Cir. 2025) (disability discrimination and retaliation under ADA), *cert. denied*, 146 S. Ct. 2560 (2026).

---

[2] Although this Court and other circuits have held that the ADA requires but-for causation, the Supreme Court has not squarely ruled on that question. *See Coleman v. Children's Hosp. of Phila.*, No. 23-3064, 2024 WL 4490602, at *2 n.2 (3d Cir. Oct. 15, 2024).

The question here is whether this traditional but-for causation standard requires a plaintiff to show that a protected basis[3] was the sole or primary cause of an employer's adverse action. The answer is no.

### A. Under the traditional standard of but-for causation, an event may have multiple but-for causes.

Traditional causation principles dictate that "[b]ut for cause does not mean sole cause." *United States v. Porter*, 928 F.3d 947, 956 (10th Cir. 2019) (quoting *McDonald v. City of Wichita*, 735 F. App'x 529, 531-32 (10th Cir. 2018)). Rather, under the but-for causation standard that governs here, an action or event may "have multiple but-for causes." *United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, 79 F.4th 1262, 1277 (10th Cir. 2023) (quoting *Bostock*, 590 U.S. at 656).[4]

This principle applies across various legal contexts. In tort law, for example, "if a car accident occurred *both* because the defendant ran a red light *and* because the plaintiff failed to signal his turn at the intersection, we

[3] We use "protected basis" in this brief to refer to both protected traits (e.g., race) and protected activities.

[4] As we explain more later (*infra* at Part I.C.1), *Bostock*'s analysis rested on the traditional but-for causation standard rather than Title VII's alternative and "more forgiving" motivating-factor test. 590 U.S. at 656-57. Its reasoning therefore applies with equal force here.

might call each a but-for cause of the collision." *Bostock*, 590 U.S. at 656. Likewise, in criminal law, "if poison is administered to a man debilitated by multiple diseases, it is a but-for cause of his death even if those diseases played a part in his demise, so long as, without the incremental effect of the poison, he would have lived." *Burrage v. United States*, 571 U.S. 204, 211 (2014). As these examples reflect, an act may be a but-for cause of an event even if the act "combines with other factors to produce the result, so long as the other factors alone would not have done so—if, so to speak, [the act] was the straw that broke the camel's back." *Id.*

The same principle applies in the employment context. Like any other event, an adverse action may have "multiple but-for causes." *Akridge v. Alfa Ins. Cos.*, 93 F.4th 1181, 1200 (11th Cir. 2024); *see also Banks v. Gen. Motors, LLC*, 81 F.4th 242, 275 (2d Cir. 2023) ("[T]here can be more than one 'but-for' cause of an adverse employment action."). If an employer takes an adverse action against an employee *both* because of a protected basis *and* because of some other non-discriminatory reason, each could be a but-for cause of the action.

To establish liability under a but-for causation standard, a plaintiff therefore need only show that a protected basis "was *one* but-for cause of

the employment decision." *Parker-Migliorini Int'l*, 79 F.4th at 1277 (emphasis added) (citing *Bostock*, 590 U.S. at 656). She does not need to show that the protected basis "was the sole cause of the adverse employment action." *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1277-78 (10th Cir. 2010); *see also McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 282 n.10 (1976) (Title VII plaintiff must show only that "race was a 'but for' cause," not that his employer acted "solely on the basis of his race").

### B. A claim premised on multiple but-for causes is distinct from a claim premised on "mixed motives."

Importantly, the "concept of multiple but-for causes" is distinct from the "concept of mixed motives." *Yelling v. St. Vincent's Health Sys.*, 82 F.4th 1329, 1339 (11th Cir. 2023). Thus, even where, as here, a statute requires but-for causation and does not authorize mixed-motive claims, a plaintiff may nonetheless prevail by showing that a protected basis was one of multiple but-for causes of an adverse action.

To prove a mixed-motive theory of discrimination, a plaintiff need only show that a protected basis "was a *motivating factor* in the defendant's challenged employment practice." *Duvall v. Novant Health, Inc.*, 95 F.4th 778, 788 (4th Cir. 2024) (citing *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101

(2003)). But the mixed-motive theory and its corresponding motivating-factor test do not require a plaintiff to show that her protected basis was a but-for cause. Rather, as the Supreme Court explained in *Bostock*, a plaintiff may prevail under the motivating-factor test "even if [a protected basis] *wasn't* a but-for cause of the employer's challenged decision." 590 U.S. at 657. As a result, the motivating-factor test underlying a mixed-motive theory is "distinct from, and 'more forgiving' than, the but-for cause standard." *Akridge*, 93 F.4th at 1194 (quoting *Bostock*, 590 U.S. at 657); *see also Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1047 n.2 (10th Cir. 2020) (noting distinction between but-for causation standard and motivating-factor test); *Duvall*, 95 F.4th at 788 ("[A] mixed-motive plaintiff faces 'a lessened causation standard' than but-for causation." (quoting *Nassar*, 570 U.S at 349)).

By the same token, "[a] mixed-motive theory is distinct from a theory based on 'multiple but-for causes.'" *Subotic v. Jabil, Inc.*, No. 22-13880, 2024 WL 797140, at *7 (11th Cir. Feb. 27, 2024) (quoting *Yelling*, 82 F.4th at 1339). A plaintiff proceeding under a mixed-motive theory may prevail even if she is "*unable* to establish but-for causation." *Mayorga v. Merdon*, 928 F.3d 84, 89 (D.C. Cir. 2019) (emphasis added). By contrast, a plaintiff proceeding

under the theory that the challenged action had multiple but-for causes still must show that a protected basis was one such cause—she cannot prevail simply by showing that the protected basis was a motivating factor. *See Yelling*, 82 F.4th at 1338-41. Thus, as this Court has recognized, instructing a jury that events may "have multiple 'but-for' causes" does not "indirectly reflect the lower motivating factor test" or mixed-motive theory. *Parker-Migliorini Int'l*, 79 F.4th at 1276-77.

In the § 1981 context, the distinction between multiple but-for causes and mixed motives is especially salient. In *Comcast*, the Supreme Court held that a plaintiff may not prevail on a § 1981 claim simply by showing that his race was a motivating factor. 589 U.S. at 332-33, 341; *see also Mann v. XPO Logistics Freight, Inc.*, 819 F. App'x 585, 594 n.15 (10th Cir. 2020) (*Comcast* "ruled that a plaintiff must establish that race was a but-for cause of injury (as opposed to a 'motivating factor') to prevail on a § 1981 claim"). In other words, as Appellant correctly points out, § 1981 does not authorize "mixed-motive liability." Appellant Br. at 26; *see also Nevins v. DCH Health Sys.*, No. 25-12124, 2026 WL 1103517, at *2 (11th Cir. Apr. 23, 2026) ("[T]o the extent [plaintiff] advances a mixed-motive theory of causation as to her

§ 1981 claims, that is not appropriate because § 1981 requires proof of but-for causation."), *cert. denied*, No. 26-123, 2026 WL 2976886 (Oct. 5, 2026).

But *Comcast*'s rejection of mixed-motive claims does not amount to a rejection of claims premised on multiple but-for causes. Under the traditional but-for causation standard, "[a] plaintiff can even succeed where there are multiple but-for causes: 'so long as the plaintiff's [protected characteristic] was *one but-for cause* of [the adverse] decision, that is enough to trigger the law.'" *Ismael v. Roundtree*, 161 F.4th 752, 761 (11th Cir. 2025) (first alteration added) (quoting *Bostock*, 590 U.S. at 656). Therefore, "it is not required, under either § 1981 or Title VII, to show that the unlawful purpose was the *only* contributing factor." *Id.*; *see also Bowie v. Automax Used Cars, LLC*, No. 21-cv-00393, 2021 WL 5065852, at *2 (W.D. Okla. Nov. 1, 2021) (for § 1981 claim, "'but for' causation does not require that race be the sole reason for an adverse employment action").

This Court and other courts of appeals have reached the same conclusion with respect to other statutes that do not allow mixed-motive claims. For example, the Supreme Court has held that the ADEA, like § 1981, requires but-for causation and does not permit mixed-motive claims. *See Gross*, 557 U.S. at 173, 180. But this Court and other circuits have

recognized that an ADEA plaintiff need not show that age was the sole cause of an adverse action because such an action may have multiple but-for causes. *See, e.g.*, *Parker-Migliorini Int'l*, 79 F.4th at 1276-77 (citing *Jones*, 617 F.3d at 1276-78); *Richardson v. Nw. Mem'l HealthCare*, 183 F.4th 895, 900-01 (7th Cir. 2026); *Leal v. McHugh*, 731 F.3d 405, 415 (5th Cir. 2013). As these decisions confirm, the unavailability of a mixed-motive theory does not negate claims premised on multiple but-for causes.

In short, the fact that § 1981 does not allow mixed-motive claims does not mean that a plaintiff must show that her race was the sole or primary cause of an employer's adverse action.

### C. Neither the Supreme Court's nor this Court's decisions on but-for causation support a sole or primary cause standard.

We write further to clarify a few potential misconceptions about the Supreme Court's and this Court's decisions on but-for causation.

#### 1. *Bostock* applied a but-for causation standard.

Some courts appear to assume that *Bostock*'s holding that an event may have multiple causes rested on Title VII's motivating-factor test rather than the but-for causation standard that applies to § 1981 claims. *See, e.g.*, *Arevalo-Carrasco v. Middleby Corp., Inc.*, 851 F. App'x 628, 631 (7th Cir. 2021)

(citing *Bostock* for the proposition that, "[i]f discrimination were merely one reason for [a plaintiff's] termination, [he] could still prevail under Title VII's 'motivating factor' standard").

That is incorrect. Although *Bostock* arose under Title VII, which *does* permit mixed-motive claims, the decision expressly stated that it was applying the traditional but-for causation standard rather than Title VII's "more forgiving" motivating-factor test. 590 U.S. at 656-57. The Court explained: "[B]ecause nothing in our analysis depends on the motivating factor test, we focus on the more traditional but-for causation standard that continues to afford a viable, if no longer exclusive, path to relief under Title VII." *Id.* at 657; *see also Frappied*, 966 F.3d at 1047 n.2 (*Bostock* "states that its analysis does not depend on the motivating-factor test").

*Bostock*'s explication of but-for causation principles therefore applies to other employment discrimination and retaliation claims that are subject to a but-for causation standard—including § 1981 claims. *See, e.g.*, *Ismael*, 161 F.4th at 761 (applying *Bostock* in § 1981 context); *see also Joppy v. HCA-HealthOne LLC*, No. 1:22-cv-00986, 2026 WL 2364070, at *20 n.60 (D. Colo. Aug. 14, 2026) ("Regarding *Bostock* and its role in the Court's *causation* analysis, of course § 1981 and Title VII are different statutory regimes. But

… cases interpreting Title VII's *but for* causation standard are cross-applicable in the Court's analysis of its *but for* instructions for [a plaintiff's] § 1981 claims."); *Barnes v. Quest Diagnostics Clinical Lab'ys, Inc.*, No. 1:22-cv-00736, 2024 WL 1307217, at *6 n.3 (M.D.N.C. Mar. 27, 2024) (similar).

Furthermore, *Bostock* simply recognized that under the "traditional standard of but-for causation," an event can "have multiple but-for causes." 590 U.S. at 656 (citation modified). That was true well before *Bostock*. As the Eleventh Circuit explains, "*Bostock*'s description of but-for causation—and the idea that outcomes can have multiple but-for causes—was nothing new." *Yelling*, 82 F.4th at 1339. The Supreme Court has long recognized the possibility of multiple but-for causes in the Title VII context, *see McDonald*, 427 U.S. at 282 n.10, and in other contexts, *see Burrage*, 571 U.S. at 211-12. So too did many pre-*Bostock* decisions across various legal contexts. *See, e.g.*, *Wilcox v. Homestake Mining Co.*, 619 F.3d 1165, 1173 (10th Cir. 2010) (Lucero, J., concurring in part) ("[T]here can be multiple but-for causes of a plaintiff's injury.").[5] That traditional standard governs here.

[5] *See also, e.g.*, *Loughman v. Consol-Pa. Coal Co.*, 6 F.3d 88, 106 (3d Cir. 1993) ("As both tort law and common sense tell us, there may be multiple but-for causes of a single loss…."); *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 n.5 (2d Cir. 2013) ("[A] plaintiff's injury can have multiple 'but-for'

### 2. *Gross* did not adopt a sole-cause standard.

In *Gross*, the Supreme Court held that the but-for causation standard applies to age-discrimination claims under the ADEA, stating that a plaintiff "must prove that age was *the* 'but-for' cause of the employer's adverse decision." 557 U.S. at 176 (emphasis added). To be clear, the Court's use of the definite article "the" does not suggest a sole-cause standard. Indeed, this Court has "explicitly rejected the argument that *Gross*'s use of 'but-for' meant age must be the *sole* cause of the adverse action, consistent with longstanding Tenth Circuit precedent." *Parker-Migliorini Int'l*, 79 F.4th at 1276 (citing *Jones*, 617 F.3d at 1276-78). In the same decision, this Court acknowledged *Bostock*'s instruction that "traditional but-for causation … does not mean sole [cause]." *Id.* at 1277.

More broadly, courts' occasional use of the definite article "the" before "but-for cause" does not articulate a sole-cause standard. This Court has explained that "[a]lthough 'the' is generally used as a definite article,"

causes…."); *Malin v. Hospira, Inc.*, 762 F.3d 552, 562 n.3 (7th Cir. 2014) ("A single event can have multiple but-for causes…."); *United States v. Ruiz-Hernandez*, 890 F.3d 202, 212-13 (5th Cir. 2018) ("A particular result can be caused by … multiple but-for causes…."); *United States v. Feldman*, 936 F.3d 1288, 1316 (11th Cir. 2019) ("*Burrage* made clear that there can be multiple but-for causes of an event.").

the phrase "'the but for cause' is [not] the equivalent of a 'sole cause' standard." *McDonald*, 735 F. App'x at 532; *see also Harley v. Potter*, 416 F. App'x 748, 752 (10th Cir. 2011) (district court's "emphasis on 'the' in 'the reason'" does not "implicitly … equate[] to stating 'the sole reason'"). Thus, although "on balance, 'a' is preferable to 'the' as an article to precede 'but for cause,'" *McDonald*, 735 F. App'x at 532 n.2, a court's passing usage of the latter article does not transform the but-for causation standard into a sole-cause requirement. *See Golomb v. Prudential Ins. Co. of Am.*, 688 F.2d 547, 552 n.2 (7th Cir. 1982) (acknowledging that courts sometimes use "the definite article 'the' instead of the indefinite article 'a,'" which "incorrectly suggests that the plaintiff … must prove that [a protected basis] was the sole determinative factor").

The Supreme Court itself appears to have tacitly recognized this issue. As just noted, *Gross* stated that an ADEA plaintiff "must prove that age was *the* 'but-for' cause of the employer's adverse decision." 557 U.S. at 176 (emphasis added). Five years later, in *Burrage*, the Court quoted that same passage but changed "the" to "a," stating that *Gross* held an ADEA plaintiff "must prove that age was *[a]* 'but for' cause of the employer's adverse decision." 571 U.S. at 213 (emphasis added) (bracketed alteration

supplied by Court) (quoting *Gross*, 557 U.S. at 176). The alteration confirms that the Court did not mean "the" to imply a sole-cause standard.

Consistent with that result, the majority opinion in *Comcast* held that a § 1981 plaintiff "bears the burden of showing that race was *a* but-for cause of [her] injury." 589 U.S. at 333 (emphasis added). At the outset of her partial concurrence, Justice Ginsburg likewise stated that the majority opinion "requir[es] a plaintiff who sues under 42 U.S.C. § 1981 to plead and prove race was *a* but-for cause of her injury." *Id.* at 341 (Ginsburg, J., concurring in part) (emphasis added). It is therefore difficult to read Justice Ginsburg's later assertion that a plaintiff must "prove that race was *the* but-for cause of [her] injury," *id.* at 344 (Ginsburg, J., concurring in part) (emphasis added), as articulating a sole-cause standard.

**3. A factor that "made a difference" is just a but-for cause.**

Some decisions state that an employment discrimination plaintiff must show that a protected basis was "the factor that made a difference" in an adverse action. *See, e.g.*, *Cline v. Clinical Perfusion Sys., Inc.*, 92 F.4th 926, 934 (10th Cir. 2024). But as this Court has recognized, "the factor that made a difference" is simply another way of describing "a 'but-for' cause." *Simmons v. Sykes Enters., Inc.*, 647 F.3d 943, 947 (10th Cir. 2011) (quoting

*Jones*, 617 F.3d at 1277); *see also Perrell v. Financeamerica Corp.*, 726 F.2d 654, 656 (10th Cir. 1984) ("[A]ge must 'make a difference' between termination and retention of the employee in the sense that, 'but for' the factor of age discrimination, the employee would not have been adversely affected.").

And such a factor need not be "the sole cause of the adverse employment action." *Jones*, 617 F.3d at 1277-78; *see also Cooper v. Asplundh Tree Expert Co.*, 836 F.2d 1544, 1547 (10th Cir. 1988) ("Age need not be the *sole* reason for the employer's acts, but plaintiff must show that age 'made a difference' in the employer's decision." (quoting *Perrell*, 726 F.2d at 656)).

Along similar lines, some decisions state that a protected basis must have been a "determinative factor" in the challenged action. *See, e.g.*, *EEOC v. Sperry Corp.*, 852 F.2d 503, 507 (10th Cir. 1988). But a determinative factor in an outcome is nothing more than a necessary reason for the outcome—one without which the outcome would not have happened. *See Akridge*, 93 F.4th at 1192-93. And that too is just another way of describing but-for causation. *See, e.g.*, *EEOC v. Prudential Fed. Sav. & Loan Ass'n*, 763 F.2d 1166, 1170 (10th Cir. 1985) (equating "determinative factor" with "but for" cause); *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 232 n.8 (3d Cir. 2007) (similar); *see also Sellman*, 155 F.4th at 1222 ("[I]t is not apparent

to us that there is any difference between 'determining factor' and 'but for' causation.").

And just as an effect may have multiple but-for causes, an outcome may have multiple determinative factors. *See Cooper*, 836 F.2d at 1551 ("[A] basic finding of liability under the [ADEA] requires that age be at least one *of possibly several* 'determinative factors' in the employer's conduct[.]" (emphasis added)); *Lewis v. Univ. of Pitt.*, 725 F.2d 910, 917 n.8 (3d Cir. 1983) ("There may be several determinative factors which lead to any given decision, all of which can be 'but for' causes of the challenged action."). Thus, even when a plaintiff "must prove that [a protected basis] was a 'determinative factor' in the defendant employer's action toward [her]," she need not show that the protected basis was "the *sole* reason for the employer's acts." *Cooper*, 836 F.2d at 1547 (citations omitted).

**4. A but-for cause need not be a "primary" cause.**

Just as a but-for cause need not be the *sole* cause of an adverse action, it need not be the *primary* cause either. In *Bostock*, the Supreme Court held just that. The Court reasoned that under the traditional but-for causation standard, a protected basis "need not be the sole *or primary* cause of the employer's adverse action." 590 U.S. at 665 (emphasis added). It thus

makes no difference, the Court explained, "if another factor … might also be at work, or even play a more important role in the employer's decision." *Id.*; *see also Frappied*, 966 F.3d at 1046 ("[S]o long as sex plays a role in the employment action, it 'has no significance' that a factor other than sex 'might also be at work,' even if that other factor 'play[s] a more important role [than sex] in the employer's decision.'" (first alteration added) (quoting *Bostock*, 590 U.S. at 665)); *Ziparo v. CSX Transp., Inc.*, 160 F.4th 314, 330 (2d Cir. 2025) (distinguishing statutes requiring "[b]ut-for causation" from statutes that "employ a heightened causation burden, requiring, for instance, that a cause must be the 'sole' or 'primary' cause").

Before *Bostock*, this Court had stated that "[a] plaintiff *may* show pretext by demonstrating the 'proffered reason is factually false,' or that 'discrimination was a *primary factor* in the employer's decision.'" *DePaula v. Easter Seals El Mirador*, 859 F.3d 957, 970 (10th Cir. 2017) (emphases added) (quoting *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1218 (10th Cir. 2013)); *see also Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1193 (10th Cir. 2018) (same). But these decisions discussed this "primary factor" showing only as part of the pretext analysis. They thus did not hold, as a general matter, that a plaintiff

proceeding under a but-for causation standard *must* show that a protected basis was a "primary" cause of an adverse action.

Regardless, any primary-cause requirement would no longer be viable after *Bostock*. Indeed, this Court has acknowledged that possibility, although it has not resolved the question. *See Tudor v. Se. Okla. State Univ.*, 13 F.4th 1019, 1029 n.3 (10th Cir. 2021) ("[W]e decline to address *Bostock*'s impact on *DePaula*."). *But see Mauldin v. Driscoll*, 136 F.4th 984, 996 (10th Cir. 2025) (reciting "primary factor" language without addressing propriety of doing so after *Bostock*).

## CONCLUSION

For the foregoing reasons, we urge this Court to hold that the traditional standard of but-for causation does not require an employment discrimination plaintiff to show that a protected basis was the sole or primary cause of an adverse action.

Respectfully submitted,

CHRISTOPHER LAGE
Deputy General Counsel

JENNIFER S. GOLDSTEIN
Associate General Counsel

DARA S. SMITH
Assistant General Counsel

/s/ Steven Winkelman
STEVEN WINKELMAN
Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of General Counsel
131 M St. N.E., 5th Floor
Washington, D.C. 20507
(202) 921-2564
steven.winkelman@eeoc.gov

October 5, 2026

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 29(a)(5) and 32(a)(7)(B) because it contains 4,185 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Book Antiqua 14 point.

/s/ Steven Winkelman
STEVEN WINKELMAN
Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of General Counsel
131 M St. N.E., 5th Floor
Washington, D.C. 20507
(202) 921-2564
steven.winkelman@eeoc.gov

October 5, 2026

## CERTIFICATE OF DIGITAL SUBMISSION

I certify that the electronic version of the foregoing brief, prepared for submission via ECF, complies with the following requirements:

(1) No privacy redactions were made or required under Fed. R. App. P. 25(a)(5) or 10th Cir. R. 25.5;

(2) Any paper copies that will be submitted to this Court will be exact copies of the ECF version filed electronically; and

(3) This electronic submission has been scanned for viruses with the most recent version of Windows Defender and is virus-free according to that program.

/s/ Steven Winkelman
STEVEN WINKELMAN
Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of General Counsel
131 M St. N.E., 5th Floor
Washington, D.C. 20507
(202) 921-2564
steven.winkelman@eeoc.gov

October 5, 2026